IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA BLAIN, et al., ) | |
| ) | |
| Plaintiffs, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 07-1157-MLB |
| ) | |
| SMITHKLINE BEECHAM CORPORATION ) | |
| d/b/a GLAXOSMITHKLINE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiffs' motion for reconsideration. (Doc. 56). The motion has been fully briefed and is ripe for adjudication. (Docs. 56, 57, 58). Plaintiffs' motion is denied for the reasons herein.

Plaintiffs' motion for reconsideration states that the court erred in the following ways: 1) by finding that defendant did not have a duty to warn plaintiff of the risks of Paxil; and 2) that the court misapprehended the learned intermediary doctrine. (Doc. 56). This court granted summary judgment because plaintiffs failed to establish that defendant's actions caused their delay in filing. The court did not hold that plaintiffs' claims were barred because of a lack of duty by defendant. However, the court will review plaintiffs' argument that defendant did in fact have a duty to warn plaintiffs directly of the risks in Paxil.

Plaintiffs cite to Frost v. Perrigo Co., 2003 WL 21591055 (Pa. D. C. Jan. 21, 2003) and Collins v. SmithKline Beecham Corp., Case No. 0762 (Penn. Ct. Comm. Plea March 11, 2008) to support their duty

argument.  Frost does not cite to any authority for its proposition that a drug manufacturer has a duty to warn a patient about the risks of a drug.  Collins merely states that the drug manufacturer had a duty to act but it does not state to whom.  There is no clear, controlling authority in Pennsylvania that manufacturers have a duty to warn an individual consumer.  Plaintiffs have failed to cite any authority which overrules the authority cited by this court in its order.

Next, plaintiffs assert that this court's finding that defendant did not cause plaintiffs to delay bringing this action was incorrect based on the learned intermediary doctrine.  Plaintiffs argue that defendant can direct its conduct towards the doctor and plaintiffs can therefore rely on the doctor's statements.  While plaintiffs have correctly stated the law pertaining to the learned intermediary doctrine, they have not directed the court to authority that would support a conclusion that the learned intermediary doctrine can be applied to toll the statute of limitations.  While the learned intermediary doctrine would apply to plaintiffs' substantive fraud claims against defendant, it cannot apply to toll the statute of limitations.  Pennsylvania law requires a fraudulent act that causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts.  Fine v. Checcio, 582 Pa. 253, 271, 870 A.2d 850, 860 (2005).  Plaintiffs have failed to put forth any evidence that defendant's actions caused them to delay filing this case. Coleman v. Wyeth Pharmaceuticals, Inc., et al., No. 3179 at 4-5 (Pa. Crt. Comm. Pl. March 7, 2008)(Pennsylvania law requires that a plaintiff justifiably rely on an affirmative act of defendant in order

to toll the statute of limitations).

     Plaintiffs' motion for reconsideration is denied.  (Doc. 56).

     IT IS SO ORDERED.

     Dated this <u>18th</u> day of April 2008, at Wichita, Kansas.

                                        s/Monti Belot

                                        Monti L. Belot

                                        UNITED STATES DISTRICT JUDGE